IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DOMINIQUE BELL, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:24-CV-2885-K-BN |
| | § | |
| KENAN ADVANTAGE GROUP, ET AL, | § | |
| | § | |
| DEFENDANT. | § | |

---

**OLD REPUBLIC INSURANCE COMPANY AND GALLAGHER BASSETT SERVICES, INC.'S BRIEF IN SUPPORT OF MOTION TO REMAND**

---

By: */s/ Deanne C. Ayers*
DEANNE C. AYERS
State Bar No. 01465820
JULIE B. TEBBETS
State Bar No. 00793419
4205 Gateway Drive, Suite 100
Colleyville, Texas 76034
dayers@ayersfirm.com
jtebbets@ayersfirm.com
(817) 267-9009
(817) 318-0663 (FAX)

**ATTORNEYS FOR OLD REPUBLIC INSURANCE CO. AND GALLAGHER BASSETT SERVICES, INC.**

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this document was delivered on December 13, 2024, in accordance with Rule 5(b)(2) of the Federal Rules of Civil Procedure, via e-service through the Court's ECF System.

*/s/ Julie B. Tebbets*
Julie B. Tebbets

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .......... ii

I. INTRODUCTION .......... 1

II. BACKGROUND .......... 2

A. Factual Background .......... 2

B. Procedural Background .......... 3

III. ARGUMENTS AND AUTHORITIES .......... 5

A. Legal standards for a motion to remand .......... 5

B. Because Plaintiff's removal is procedurally defective, the motion to remand must be granted .......... 5

C. Federal Court Jurisdiction Does Not Exist .......... 8

IV. REQUEST FOR ATTORNEY FEES AND COSTS .......... 11

V. CONCLUSION .......... 12

## TABLE OF AUTHORITIES

**Cases** **Page**

*American Airlines, Inc. v. Sabre*, *Inc.*, 694 F.3d 539, 541-42 (5th Cir. 2012)...............11

*American Financial Network, Inc. v. Wyndham Capital Mortgage, Inc.*, 2022 WL 467390, at *2 (E.D. Tex. Feb. 15, 2022)...........................................................12

*Biegon v. City of Dallas*, No. 22-10075, 2022 WL 3098241 (5th Cir. 2022)....................6

*Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 598-99 (5th Cir. 2009)..........................................................................................................5

*Brown v. Reny Co.*, No. 4:21-cv-395-KPJ, 2022 WL 992696, at *3 (E.D. Tex. Mar. 31, 2022)..........................................................................................................10

*Burton v. Wilmington Parking Authority*, 365 U.S. 715, 721-22, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961)..........................................................................................10

*Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995)........7*

*Casteneda v. Planet Fitness, Inc., No. SA-24-CV-00509-XR, 2024 WL 3510305, at *2 (W.D. Tex. July 23, 2024)..........................................................1, 10*

*Cook v. Mountain*, No. 02-10-00465-CV, 2012 WL 117936 (Tex. App. – Fort Worth Jan. 12, 2012)..........................................................................................10

*Cooper v. City of Plano, Tex., 260 F. App'x 680, 2007 WL 4513102, at *1 (5th Cir. Dec. 21, 2007) (per curiam) ..........................................................5-6*

*Davis v. American Cas. Co. of Reading, PA, 408 S.W.3d 1 (Tex. App. – Amarillo 2012, pet. denied)...........................................................................3, 9*

*Doe v. Kerwood, 969 F.2d 165, 167-69 (5th Cir. 1992) .................................................8*

*Gasch v. Hartford Acc. and Indemn. Co., 491 F.3d 278 at 281 (5th Cir. 2007) .............7*

*Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. America, 841 F.2d 1255, 1262 (5th Cir. 1998) ...........................................................................8*

*Gutierrez v. Flores, 543 F.3d 248, 251 (5th Cir. 2008) .................................................5*

*Holder v. Abbott Labs., Inc., 444 F.3d 383, 386 (5th Cir. 2006) ....................................5*

*Holmes v. Tex. Mut. Ins. Co.*, 335 S.W.3d 738 (Tex. App. – El Paso 2011, pet. denied)..........................................................................................................10

*In re Crawford & Co.*, 458 S.W.3d 920, 921-22 (Tex. 2015)..........................................8

*In re Shell Oil Co., 932 F.2d 1518, 1522 (5th Cir. 1991)*................................................7

*Johnson v. United Parcel Service*, 36 S.W.3d 918 (Tex. App. – Dallas 2001, pet. denied)..........................................................................................................9

*Manguno v. Prudential Prop. & Case. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002)*.......5

*Martin v. Franklin Capital Corp.* 126 S.Ct. 704, 711 (2005)........................................11

*McKenzie v. U.S.,* 678 F.2d 571, 574 (5th Cir. 1982) ....................................................6

*Rendell-Baker v. Kohn*, 457 U.S. 830, 837, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982).............................................................................................................10

*Renegade Swish , LLC v. Wright*, 857 F.3d 692, 298 (5th Cir. 2017) .............................6

*Tex. Mut. Ins. Co. v. Ruttiger, 381 S.W.3d 430, 452 (Tex. 2012)*..............................1, 8

*Ticer v. Imperium Ins. Co.*, 20 F.4th 1040, 1045 (5th Cir. 2021) .....................................5

**Treatise**

14C WRIGHT & MILLER, §3739.3 ..........................................................................10

**Statutes** **Page**

28 U.S.C. 1441 ...........................................................................................4, 5

28 U.S.C. §1446 ........................................................................................1, 6, 8

28 U.S.C. §1446(b)...........................................................................................7

28 U.S.C. §1446(b)(2)(A) ...........................................................................7, 8

28 U.S.C. § 1447 ..........................................................................................12

28 U.S.C. §1447(c) ..................................................................................... 7, 11

28 U.S.C. § 1447(d)...........................................................................................5

Tex. Labor Code §410.252 .........................................................................3, 9

Defendants Old Republic Insurance Company and Gallagher Bassett Services, Inc., (collectively "Movants") file this Brief in Support of Motion to Remand this lawsuit to the 68th District Court of Dallas County, Texas, and in support thereof would respectfully show as follows:

## I. INTRODUCTION

Remand is required. Plaintiff Dominique Bell ("Bell") as the removing party lacked authority to do so as he is the Plaintiff in the state court proceeding. He also failed to comply with the procedural requirements for removal under 28 U.S.C. § 1446, specifically, the rule of unanimity.

To the extent that Plaintiff is claiming a violation of his due process rights, no cause of action for violation of due process rights exists against private entities. *Casteneda v. Planet Fitness, Inc.*, No. SA-24-CV-00509-XR, 2024 WL 3510305, at *2 (W.D. Tex. July 23, 2024) (holding that both the federal and Texas Constitutions protect citizens from governmental actions depriving a citizen of constitutions rights and do not protect against private conduct). To the extent Plaintiff is attempting to appeal the administrative decisions concerning his workers' compensation benefits, his appeal is untimely and now barred as a matter of law. Finally, to the extent Plaintiff is pleading a bad faith cause of action, the Texas Supreme Court has held that Texas Department of Insurance, Division of Workers' Compensation ("DWC") has exclusive jurisdiction over workers' compensation bad faith matters. *Tex. Mut. Ins. Co. v. Ruttiger,* 381 S.W.3d 430, 452 (Tex. 2012). Accordingly, there is no jurisdiction over Plaintiff's removal of his own lawsuit and the Motion to Remand should be granted. Movants respectfully request an order remanding this lawsuit to the 68th District Court of Dallas County,

Texas. As this Court previously cautioned Plaintiff regarding the inability of a plaintiff to remove his/its own lawsuit (Doc. 9), and Plaintiff has persisted in continuing with his attempt to remove, Defendants seek their attorneys' fees incurred in the filing of this Motion to Remand.

## II. BACKGROUND

### A. Factual Background

Old Republic Insurance Company ("Old Republic") is the insurance carrier that is alleged to have issued a workers' compensation policy to Plaintiff's employer, Kenan Advantage Group ("Kenan") and Gallagher Bassett Services, Inc. ("Gallagher") is alleged to be the third-party administrator on behalf of Old Republic. Plaintiff and Old Republic participated in multiple workers' compensation administrative hearings before the DWC. During a January 10, 2024, Contested Case Hearing, an Administrative Law Judge ("ALJ") with DWC determined that the Plaintiff's injury does not extend to include cervical spine displacement at C4-C5, C5-C6; cervical spine disc herniation at C4-5 or C5-6; or cervical or thoracic spine bulges at C2-C3 or C7-T1. The ALJ also found that the Plaintiff reached maximum medical improvement on July 22, 2023, with a 0% impairment rating. Plaintiff appealed that decision to the DWC Appeals Panel, which affirmed the ALJ's decision on April 15, 2024. (Exhibit A)[1]

The April 15, 2024 Appeals Panel decision became final as Plaintiff did not timely appeal this decision within forty-five (45) days of the date of the Appeals Panel decision

[1] An additional deficiency of Plaintiff's removal is that he failed to bring forward a complete record from the State Court. As such, Movants attach supporting documents as exhibits to this Motion rather than reference to them by Docket number reflecting previous filings with this Court.

(i.e. May 30, 2024). Tex. Labor Code §410.252; Davis *v. American Cas. Co. of Reading, PA,* 408 S.W.3d 1 (Tex. App. – Amarillo 2012, pet. denied). Plaintiff filed a lawsuit in the 68th Judicial District Court of Dallas County Texas on June 7, 2024, which is more than forty-five (45) days after April 15, 2024. (Exhibit B) While Plaintiff named Gallagher in that lawsuit, Plaintiff did not serve Gallagher with citation until after he requested citation on October 16, 2024. (Exhibit C) Plaintiff did not initially name Old Republic in the lawsuit filed on June 7, 2024. (Exhibit B)

Plaintiff and Old Republic participated in another Contested Case Hearing on February 7, 2024. The ALJ in that hearing determined that the Plaintiff did not have disability from July 27, 2023, through the date of that hearing. Plaintiff appealed that decision to the Appeals Panel, which affirmed the ALJ's decision on May 23, 2024. (Exhibit A) Plaintiff did not name Old Republic as a party to this lawsuit until October 16, 2024. Therefore, the May 23, 2024, Appeals Panel decision also became final.

**B. Procedural Background**

Plaintiff filed suit against Kenan Advantage Group, DWC, and Gallagher on June 7, 2024. (Exhibit B) However, Plaintiff did not even request that citation be issued for Gallagher until October 16, 2024. (Exhibit C) On October 21, 2024, Judge Hoffman entered an order compelling the parties to address all claims against Kenan in arbitration pursuant to an arbitration agreement and staying all claims against Kenan. (Exhibit D) That same day, Judge Hoffman entered an order granting DWC's plea to the jurisdiction. (Exhibit E) Thus, as of the date Plaintiff filed documents attempting to remove his own case on November 18, 2024, neither Kenan nor DWC were active parties to the state court proceeding.

Plaintiff filed an amended petition on October 16, 2024, suing Old Republic for the first time. (Exhibit F) Plaintiff also requested service of citation as to Gallagher and Old Republic for the first time on October 16, 2024. (Exhibit C) Both Old Republic and Gallagher filed Motions to Dismiss pursuant to Texas Rule of Civil Procedure 91a on November 13, 2024. (Exhibit G) The hearing on the Motions to Dismiss was scheduled for December 13, 2024. (Exhibit H) After receiving notice of the hearing, Plaintiff then filed documents with the federal court in an attempt to remove the case to federal court on November 18, 2024, ostensibly to avoid the state court hearing on the Motions to Dismiss.

To date, Plaintiff has not filed written consent to removal, nor does he have consent from Movants. To date, Plaintiff has not timely amended his notice of removal to (i) state Defendants have consented to removal or (ii) explain why consent from Defendants is not necessary. Thus, at the time of the filing of this Motion, and within the time period for removal, there has been no indication Defendants are in agreement with Plaintiff's improper attempt at removal. Plaintiff should have filed Defendants' consent, or lack thereof, within thirty (30) days of service and that simply was not done.

Movants were required to file this Motion to Remand even prior to Plaintiff filing the State Court Record as the thirty-day period to file a Motion to Remand would run before the deadline contained in this Court's Order for Plaintiff to submit the State Court Record. (Doc. 9.). Thus, Movants could not provide citation to these specific documents in the Court's Record. Should Plaintiff fail to comply with the Court's order by failing to file the State Court Record, that is yet another ground for remanding the matter to State Court for failing to meet the requirements of 28 U.S.C. 1441.

## III. ARGUMENTS AND AUTHORITIES

### A. Legal standards for a motion to remand

The act of removing a lawsuit from state court to federal court raises significant federalism concerns, which is why the removal statute is strictly construed against a removing party and all doubts concerning the propriety of removal are resolved in favor of remanding the lawsuit back to state court. *Gutierrez v. Flores,* 543 F.3d 248, 251 (5th Cir. 2008). Consistent with those principles, the removing party bears the burden to demonstrate both that (i) removal was properly executed and (ii) federal jurisdiction exists. *Manguno v. Prudential Prop. & Case. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

"Removal statutes are to be construed strictly against removal and for remand to state court." *Ticer v. Imperium Ins. Co.*, 20 F.4th 1040, 1045 (5th Cir. 2021). Except in circumstances that are not present here, a district court's order granting a motion to remand is not reviewable on appeal or otherwise. 28 U.S.C. § 1447(d); *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 598-99 (5th Cir. 2009). An order denying remand is reviewed de novo. *Holder v. Abbott Labs., Inc.*, 444 F.3d 383, 386 (5th Cir. 2006).

### B. Because Plaintiff's notice of removal is procedurally defective, the motion to remand must be granted.

Initially, Plaintiff's attempt of removal is procedurally defective as there is no legal authority allowing a plaintiff to remove a case that he filed. As the Court's Order and Notice of Deficiency Regarding *Pro Se* Removal to Federal Court notes:

> Bell's status as the plaintiff prevents his removal of this action under the applicable statutes, as 'neither 28 U.S.C. § 1441 nor 42 U.S.C. § 1443 authorizes removal of a case to federal court by a plaintiff.' *Cooper v. City of Plano, Tex.*, 260

> F. App'x 680, 2007 WL 4513102, at *1 (5th Cir. Dec. 21, 2007) (per curiam).

Doc. 9, Page 4. *See also, Biegon v. City of Dallas*, No. 22-10075, 2022 WL 3098241 (5th Cir. 2022)(holding "[t]he right of removal is only granted to a defendant."); *Renegade Swish , LLC v. Wright*, 857 F.3d 692, 298 (5th Cir. 2017)(holding a plaintiff had no right to remove a case to federal court when it was the original plaintiff); *McKenzie v. U.S.,* 678 F.2d 571, 574 (5th Cir. 1982)(holding "only a defendant, never a plaintiff, may remove a civil action from state to federal court"). Plaintiff had the option of where to file suit and Plaintiff elected to file suit in state court. More than thirty days has passed since the lawsuit was filed. There is no legal authority permitting Plaintiff to remove his own lawsuit to federal court.

The removal is also procedurally defective under 28 U.S.C. § 1446. The very language of §1446 notes that removal is permitted by "[a] <u>defendant</u> or <u>defendants</u> desiring to remove any civil action from a state court." 28 U.S.C. § 1446(a)(emphasis added). The statute does not permit a <u>plaintiff</u> to remove a case. Section 1446 also contains several procedural requirements for the removal of civil actions unrelated to the existence of federal jurisdiction. In other words, a motion to remand a case back to state court must be granted if Section 1446's requirements are not followed, even if federal jurisdiction would otherwise exist.

Two of those requirements are that: (i) all defendants that are properly joined and served "must join in or consent to the removal of the action;" and (ii) the notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief." Plaintiff's notice of removal is defective, and Plaintiff cannot meet his burden to show he satisfied

these requirements. There is no written evidence showing any defendant consented to removal or that removal was made within the thirty-day period.

The rule of unanimity, which was codified in Section 1446(b)(2)(A), requires all properly joined and served defendants to either: (i) sign the notice of removal or (ii) timely file written consent to removal. One of these must occur no later than thirty days from the date the last-served defendant receives a copy of a pleading or other paper that discloses the case is removable. Silence in response to requests for consent to removal is not sufficient—written affirmation to the court indicating consent to removal is required. This Court's record is devoid of any attempt by Plaintiff to secure consent or that any consent was given. More pointedly, these Movants did not consent.

The district court must resolve all contested fact issues and ambiguities in favor of a remand. *Gasch v. Hartford Acc. and Indemn. Co.,* 491 F.3d 278 at 281 (5th Cir. 2007). The Fifth Circuit explains, since "`the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns.' The removal statute is therefore to be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Id.* at 281-82, *quoting Carpenter v. Wichita Falls Indep. Sch. Dist.,* 44 F.3d 362, 365-66 (5th Cir. 1995). Furthermore, "[i]f at any time before final judgment it appears that the district court lacks jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

In addition to satisfying jurisdictional requirements, a removal must also satisfy procedural requirements. Under 28 U.S.C. § 1446(b), failure to file for removal within thirty days of being served with a copy of the pleading or summons is a procedural defect warranting remand. *In re Shell Oil Co.,* 932 F.2d 1518, 1522 (5th Cir. 1991).

Furthermore, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). The removal is procedurally defective if such consent is not timely obtained. *Doe v. Kerwood,* 969 F.2d 165, 167-69 (5th Cir. 1992). Moreover, there must be "some timely written indication" of each served defendant's consent. *Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. America,* 841 F.2d 1255, 1262 (5th Cir. 1998).

Because all doubts regarding removal must be resolved in favor of remand—including doubts regarding compliance with removal procedures—Plaintiff has not met his burden to demonstrate he complied with Section 1446(b)(1). The notice of removal is defective, and remand is required.

**C. Federal Court Jurisdiction Does Not Exist**

Even should a plaintiff have the ability to remove his own case and if Plaintiff's notice of removal was not defective for failing to comply with Section 1446's requirements, remand is independently required because there is no basis for federal jurisdiction. Plaintiff's pleadings are exceptionally vague, but the Amended Petition appears to only assert a cause of action for bad faith. However, the Texas Supreme Court has held that workers' compensation bad faith causes of action lie exclusively under DWC's jurisdiction. *Ruttiger,* 381 S.W.3d at 452; *see also, In re Crawford & Co.*, 458 S.W.3d 920, 921-22 (Tex. 2015) (holding DWC has exclusive jurisdiction over workers' compensation claims and the Texas Workers' Compensation Act provides the exclusive remedy). Therefore, neither the federal court, nor the state court have jurisdiction over any claimed bad faith cause of action. This was the precise issue set

for hearing before the state court judge before Plaintiff attempted this legally unsupported removal.

Although not actually pled, even giving an incredibly liberal reading of Plaintiff's Amended Petition to be an appeal of the administrative decision, any such appeal is untimely as Plaintiff did not sue the workers' compensation carrier, Old Republic, within forty-five days of the administrative decision as required by the Texas Workers' Compensation Act.

With regard to the April 15, 2024 administrative decision, Plaintiff did not file suit at all within forty-five (45) days of that decision. While Plaintiff did file a lawsuit within forty-five (45) days of the May 23, 2024 administrative decision, Plaintiff did not initially name Old Republic in that lawsuit. Accordingly, Plaintiff also did not timely sue Old Republic or use due diligence in serving Old Republic within the forty-five-day deadline of the May 23, 2024 Appeals Panel decision.

The Texas Workers' Compensation Act and Texas caselaw are clear that a party wishing to appeal a DWC decision to district court must do so within forty-five (45) days after the date of the Appeals Panel decision. Tex. Labor Code §410.252; Davis *v. American Cas. Co. of Reading, PA,* 408 S.W.3d 1 (Tex. App. – Amarillo 2012, pet. denied) (holding a timely appeal is mandatory). The fact that Plaintiff filed suit against his employer and DWC does not save Plaintiff's lack of timely filing against the insurance carrier. For example, in *Johnson v. United Parcel Service*, 36 S.W.3d 918 (Tex. App. – Dallas 2001, pet. denied), the Court held that filing a timely suit against an employer is not timely as to the workers' compensation carrier. Plaintiff did not attempt

to sue Old Republic until October 16, 2024 – well beyond the forty-five-day statutory deadline.

Texas caselaw is clear that a plaintiff must also use due diligence to serve a defendant and if there is no due diligence, the lawsuit should be dismissed. *Holmes v. Tex. Mut. Ins. Co.*, 335 S.W.3d 738 (Tex. App. – El Paso 2011, pet. denied) (case dismissed as there was no diligent service of citation even though suit was timely filed). Further, a party must name and serve the correct party. *Cook v. Mountain*, No. 02-10-00465-CV, 2012 WL 117936 (Tex. App. – Fort Worth Jan. 12, 2012). In the *Cook* decision, the plaintiff sued the registered agent, but not the actual insurer. In dismissing the case, the Court held that the time limit to file suit continued to run when the plaintiff mistakenly filed suit against the wrong defendant.

Plaintiff's third possible avenue to establish federal court jurisdiction is equally without merit. While not mentioned in any petition, to the extent Plaintiff is asserting that a federal question exists because he alleges his civil rights have been violated, no such federal question exists in this case as Old Republic and Gallagher (the sole two remaining defendants) are both private entities. A private entity cannot be held liable for a claim of civil rights violation under the federal or state Constitutions. *Casteneda*, 2024 WL 3510305, at *2; *Brown v. Reny Co.*, No. 4:21-cv-395-KPJ, 2022 WL 992696, at *3 (E.D. Tex. Mar. 31, 2022); *Rendell-Baker v. Kohn*, 457 U.S. 830, 837, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982); *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 721-22, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961). Plaintiff has failed to demonstrate any federal question exists for any due process allegations. As Plaintiff has not established the

existence of any federal question or any other possible existence of federal court jurisdiction, the Motion to Remand must be granted.

## IV. REQUEST FOR ATTORNEY FEES AND COSTS

Movants request that the Court order payment of attorney fees and costs for the frivolous removal and necessity for filing of this Motion to Remand. The Court alerted Plaintiff of the possibility of such an order for payment of fees and costs in its Order and Notice of Deficiency Regarding *Pro Se* Removal to Federal Court. (Doc. 9, citing to 28 U.S.C. §1447(c)). Counsel for Movants attempted to confer with Plaintiff prior to the preparation and filing of this Motion to Remand with no response. As set forth herein, the federal court clearly has no jurisdiction over the issues raised by Plaintiff and, in fact, there is no authority to support a plaintiff's removal of his own lawsuit. The attempted removal is further untimely and technically deficient.

When granting a Motion to Remand, 28 U.S.C. §1447(c) gives a trial court discretion to award fees and costs based on an objective view of the legal and factual elements of the case. The statute supports an award of attorney fees and costs when "the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.* 126 S.Ct. 704, 711 (2005); *American Airlines, Inc. v. Sabre*, *Inc.*, 694 F.3d 539, 541-42 (5hh Cir. 2012). In assessing whether to award attorney fees, the court should consider whether there was an objectively reasonable basis for removal. *Id.* Courts general award fees "when the non-removability of the action should have been obvious and thus the filing of the notice clearly was improper." 14C WRIGHT & MILLER, §3739.3 (collecting cases). When the party seeking remand "has expended unnecessary time and effort on a matter that should have never been before the Court,"

an award of attorney fees and costs is appropriate. *American Financial Network, Inc. v. Wyndham Capital Mortgage, Inc.*, 2022 WL 467390, at *2 (E.D. Tex. Feb. 15, 2022).

Movants request that the Court issue an order against Plaintiff for the costs and attorney fees incurred by Movants as a result of the improper attempted removal by Plaintiff. Plaintiff is charged with knowledge of the applicable law and should have known that he could not remove his case to federal court. Plaintiff's *pro se* status does not excuse him from compliance with the law. Based on the timing of the attempted removal, it appears the removal was filed in bad faith and with the sole purpose of causing delay in resolution of the Motions to Dismiss filed by Movants. Given the complete absence of subject matter jurisdiction and the technical deficiencies in the removal, an award of attorney fees and costs is justified. In the event that the Court assesses attorney fees and costs, then Movants further request fourteen days after entry of an order for an award of attorney fees and costs to submit an application setting forth the details and amounts of the costs and attorney fees.

## V. CONCLUSION

Remand is required because Plaintiff failed to carry his burden to demonstrate compliance with the procedural requirements of removal under 28 U.S.C. § 1447: Plaintiff failed to show he (i) obtained all defendants' consent to removal or (ii) complied with the 30-day removal window. Further, neither the Legislature nor caselaw permit a plaintiff to remove a suit that the plaintiff chose to file in state court. Plaintiff waited to bring allegations against the remaining parties until after the State Court Judge had order Kenan and Plaintiff to proceed in arbitration and granted DWC's plea to the jurisdiction. Further, even if those procedural requirements had been met, remand is

still required because there is no basis for federal jurisdiction. Old Republic and Gallagher therefore respectfully request an order remanding this lawsuit to the 68th District Court of Dallas County, Texas.

Dated: December 13, 2024.

Respectfully submitted,

AYERS & AYERS

By: */s/Deanne C. Ayers*
Deanne C. Ayers
Also admitted in:
Arizona|Colorado|Kentucky|Massachusetts
|Minnesota|Montana|New York|Oklahoma
|South Dakota|Texas
Julie B. Tebbets
Also admitted in Kentucky
4205 Gateway Drive, Suite 100
Colleyville, Texas 76034
817-267-9009 Telephone
817-318-0663 Facsimile
dayers@ayersfirm.com
jtebbets@ayersfirm.com

Attorneys for Defendant Old Republic Insurance Co. and Gallagher Bassett Services, Inc.

## Certificate of Service

I hereby certify that on December 13, 2024, a true and correct copy of the foregoing Motion to Remand and Brief in Support, was filed and served electronically on all parties.

By: */s/ Deanne C. Ayers*
Deanne C. Ayers